Eric Slocum Sparks
Arizona State Bar No. 11726
LAW OFFICES OF ERIC SLOCUM SPARKS, P.C.
110 South Church Avenue #2270
Tucson, Arizona  85701
Telephone (520) 623-8330
Facsimile (520) 623-9157
eric@ericslocumsparkspc.com

Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re:

CHRIS E. O'NEIL and MARY G. O'NEIL,

Debtors.

Case No. 4:09-bk-29902-JMM

(Chapter 11)

DEBTOR'S FIRST PLAN OF REORGANIZATION DATED August 11, 2010

Chris E. O'Neil and Mary G. O'Neil, (hereinafter "Debtors"), hereby submit this Plan of Reorganization in accordance with 11 U.S.C. §1121(a).

## I. DEFINITIONS

As utilized in this Plan of Reorganization (hereinafter "Plan")and in the Disclosure Statement (hereinafter "Disclosure Statement") which accompanies this Plan of Reorganization, the following definitions apply to the following terms:

1. "Adequate information" means information that would enable a hypothetical reasonable investor typical of holders of claims or interest of the Debtors' estate, to make an informed judgment about the Debtors' Plan of Reorganization.

2. "Allowed and Approved Claim" shall mean a timely filed Proof of Claim pursuant to an Order from the Court setting a bar date to which that claim should be filed and no objection to the claim having been filed. If an objection to a claim is filed, said claim will be allowed to the extent ordered by the Court.

3. "Bankruptcy Code" shall mean the Bankruptcy Code as set forth in Title 11 of the United States Code.

4. "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Arizona.

5. "Confirmation of the Plan" shall mean the entry of an order by the Bankruptcy Court confirming the Plan or Reorganization in accordance with §1129 of the Bankruptcy Code.

6. "Consummation of the Plan" means the accomplishment of all things required or provided for under the terms of the Plan.

7. "Court" shall mean the United States Bankruptcy Court for the District of Arizona.

8. "Creditors" shall mean all persons holding claims for secured and unsecured obligations, liabilities, demands or claims of any nature whatsoever against the Debtor arising at any time prior to confirmation of the Plan and administrative creditors.

9. "Debtors" shall mean the petitioner in the above-captioned Bankruptcy case.

10. "Disclosure Statement" shall mean this Disclosure Statement (hereinafter "Disclosure Statement") filed in this case approved, after notice and a hearing by the Court as being in conformity with §1125 of the Bankruptcy Code.

11. "Effective date" shall be the date that an Order is entered by the U.S. Bankruptcy Court confirming the Debtors' Plan of Reorganization in accordance with §1129 of the Code.

12. "Petition" means the original Chapter 11 Petition filed by the Debtor.

13. "Plan" shall mean the Plan of Reorganization accompanying the Disclosure Statement as it may be amended, modified and/or supplemented pursuant to which the Debtors propose payment in whole or in part of creditors' claims.

14. "Plan distribution date" shall be a date that ends with the first full calendar quarter after the date that the Chapter 11 Plan is confirmed by the Court, which the Debtors projects to be September, 2010.

15. All other terms not specifically defined by this Disclosure Statement shall have the meaning as designated in §101 of the Bankruptcy Code or, if not contained therein, their ordinary

2

meaning.

## II. CLASSES OF CLAIMS

Administrative Claims.

These claims consist of the expenses of administration of the estate including attorney fees for Debtors' counsel and any unpaid fees to the U.S. Trustee. The Debtor estimates these costs and expenses in excess of $15,000.00.

Tax Claims.

Debtors estimate tax claims in the amount of $30,400.00. This does not include any amounts that may be due for ad valorem claims which are secured against real property, if any.

Secured Claims.

As reflected in the original schedules filed by the Debtor, Debtor estimated secured claims in the amount of $1,845,643.00.

Unsecured Claims.

As reflected in the schedules filed by the Debtor, Debtor estimated unsecured claims in the amount of $211,364.00, which does not include any deficiency amounts for secured creditors.

Domestic Support Claims.

As reflected in the schedules filed by the Debtors, there are no support orders against the Debtors.

## III. TREATMENT OF CLAIMS NOT IMPAIRED UNDER THE PLAN

Classes 1 and 20 are not impaired under the Plan in that the Plan does not alter the legal or contractual rights to which the holders of such claims are entitled and/or the Bankruptcy Code permits payment over an extended period of time and/or the holder of the claim has agreed to a different treatment.

## IV. TREATMENT OF IMPAIRED CLAIMS UNDER THE PLAN

Classes 2 through 19 are impaired under the Plan in that the Plan does alter the legal or

3

contractual rights to which the holders of such claims are entitled and/or the Bankruptcy Code permits payments over an extended period of time and/or the holder of the claims has agreed to a different treatment.

## V. PAYMENT SCHEDULE UNDER THE PLAN

Class 1 - Administrative Claims.

These claims are for the expenses of administration of the estate, including attorney fees for Debtor's counsel through August, 2010, in the approximate sum of $15,000.00 and unpaid fees to the U.S. Trustee, if any. Debtor believes, at the time that the Debtor's Chapter 11 Plan is confirmed, that there will be an administrative expense claim in the approximate amount of $15,000.00. This claim shall be paid in cash, or in the amounts allowed by the Court upon the Plan distribution date unless otherwise agreed to between the Debtor and the administrative creditor. **(This class is not impaired.)**

Class 2 - Priority Claims of Governmental Units

A. Classification: Class 2 claims consists of all allowed claims of the United States Internal Revenue Service("IRS") and/or State of Arizona, Department of Revenue("AZDOR") and/or the Department of Economic Security("ADES"), City of Tucson or other government agency which are entitled to priority pursuant to Section 507(a)(7) of the Bankruptcy Code except ad valorem taxes. Debtor is aware of claims totaling $30,409.84 in this class.

B. Impairment: Class 2 is impaired.

C. Treatment: Each holder of a Class 2 allowed claim shall retain its claim, in accordance with Section 1129 of the Bankruptcy Code. The claim shall bear simple interest at a fixed rate equal to that rate which would be required to be paid as of the Effective Date under Section 6621 and/or 6622 of the Internal Revenue Code, or such other interest rate as the Bankruptcy Court determines is sufficient to confer upon the tax note a value as of the Effective Date equal to the principal amount of such claim. The allowed claim shall be payable in 60 equal monthly installments of principal, along with accrued interest, in deferred cash payments over a period not to exceed five years from the date of filing. The first payment shall commence on the first day of the month

4

immediately following the month of the Effective Date. The claim is subject to prepayment at any time without penalty or premium and shall have such other terms as are usual and customary.

Class 3 - Secured Statutory Claim of Pima County

A. Classification: Class 3 shall consist of pre-petition allowed Ad Valorem Real Property Tax Claims of Pima County, AZ. The Debtor is aware of proofs of claim totaling $29,610.83 in this class.

B. Impairment: Class 3 is impaired.

C. Treatment: Each holder of a Class 3 allowed claim shall retain its lien and/or claim and be paid an aggregate principal amount sufficient to satisfy, in accordance with Section 1129 of the Bankruptcy Code, the allowed claim. Pima County's claim/lien shall bear simple interest at a fixed rate equal to that rate which would be required to be paid as of the Effective Date at rate set by State Law, unless a different rate is set by the Bankruptcy Court. Pima County's Claim shall be payable in 60 equal monthly installments of principal, along with accrued interest, the first payment - commencing on the first day of the month immediately following the month of the Effective Date. The lien/claim is subject to prepayment at any time without penalty or premium.

Class 4 - Secured Claim of BAC Home Loans Servicing, LP ("BAC")

A. Classification: Class 4 consists of the first lien claim of BAC secured by the real property located at 2525 E. Calle Bacardi, Vail, AZ, the Debtor's Principal Residence. This claim is evidenced by a Deed of Trust. Debtors are aware of proof of claim in this class in the amount of $289,052.55.

B. Impairment: Class 4 is impaired.

C. Treatment: The Debtor may attempt to work out a loan modification with the creditor.

Class 5 - Second Lien Claim of Bank of America Mortgage ("B of A")

A. Classification: Class 5 consists of the second lien claim of B of A on the real property located at 2525 E. Calle Bacardi, Vail, AZ. Debtors estimate this claim at $75,000.00. Debtor believes this entire claim is unsecured.

5

  B. <u>Impairment</u>: Class 5 is impaired.

  C. <u>Treatment</u>: The Class 5 claimant, which holds a second mortgage on the real property, is believed to be wholly unsecured. The Class 5 creditor shall have its lien released upon confirmation of the Plan of Reorganization. Any deficiency amount shall be treated as a Class 18 unsecured claim and paid on a pro-rata basis.

<u>Class 6 - Secured Claim of Bank of America Mortgage ("B of A")</u>

  A. <u>Classification</u>: This claim consists of the first lien claim of B of A to the extent of the value of the secured creditor's interest in the Debtor's interest in the real property located at 5959 S. Belvedere, Tucson AZ 85706 . This claim is evidenced by a deed of trust. <u>Debtors estimate this claim at $496,500.00. Debtors believe the Class 6 creditor is partly unsecured.</u>

  B. <u>Impairment</u>: Class 6 is impaired.

  C. <u>Treatment</u>: IN THE EVENT THE DEBTOR IS ABLE TO REACH A STIPULATION WITH B of A AS TO ITS TREATMENT, THE TERMS AND CONDITIONS THEREIN WILL SUPERCEDE THE TREATMENT SET FORTH HEREIN. Under § 506 of the Bankruptcy Code, a secured creditor has a secured claim to the extent of the creditor's interest in the Debtor's interest in the collateral and an unsecured claim for the balance, if any, unless the creditor makes a 1111(b) election, and, if eligible, elects to have its claim treated as fully secured. The allowed amount of the creditor's secured claim will be the lesser of value of the creditor's interest in the Debtor's interest in the property as determined under § 506, or the allowed amount of the creditor's claim. Debtor has not had the property appraised, but believes the current value of the property is $356,000.00. The Debtor proposes to limit the Class 6 creditor's secured claim to $356,000.00 and to treat the balance of its claim as an unsecured deficiency claim and treat and pay it as a Class 18 unsecured creditor. If the Debtor and the Class 6 creditor cannot agree as to the amount of the Class 6 creditor's allowed secured claim, the Court may be called upon to make that determination.

  The allowed claim of the Class 6 creditor shall be paid, assuming no 1111(b) election is made by creditor, and secured by the first lien mortgage evidenced by a promissory note and deed of trust, modified as follows:

6

Case 4:09-bk-29902-BMW Doc 66 Filed 08/13/10 Entered 08/13/10 09:59:58 Desc
Main Document Page 6 of 16

1. The allowed secured claim shall accrue interest from the Effective Date of the Plan at the rate of five (5.0%) percent per annum, or the rate on the existing note, whichever is less.

2. The note shall be payable in equal monthly installments of principal and interest amortized over twenty (20) years. The first monthly installment shall be due thirty (30) days after the Effective Date of the Plan and subsequent monthly installments shall be due on the same day of each subsequent month. On the twentieth anniversary of the Effective Date of the Plan the outstanding principal balance of the note and all accrued and unpaid interest thereon shall be due and payable in full. The final payment shall be made either from proceeds of the sale or refinancing of the property or contributions of the owners of the property at the time the final payment is due.

3. The note of the Class 6 creditor shall continue to be secured by its first position deed of trust on the property but the note and any obligation due the Class 6 creditor, which is secured by the above deed of trust, shall continue to be recourse to the Debtors. Any security for payment of the allowed claim which B of A had at the petition date other than the deed of trust above described which encumbers the property B of A shall retain post-confirmation.

4. The Debtors and the Class 6 creditor shall agree to execute such modifications to the existing note and deed of trust as are reasonably necessary to reflect the provisions of the Plan treatment for this creditor.

Class 7 - Second Lien Claim of Bank of Loan Care Account Services ("Loan Care")

A. <u>Classification</u>: Class 7 consists of the second lien claim of Loan Care on the real property located at 5959 S. Belvedere, Tucson AZ. <u>Debtors estimate this claim at $375,500.00. Debtor believes this entire claim is unsecured.</u>

B. <u>Impairment</u>: Class 7 is impaired.

C. <u>Treatment</u>: The Class 7 claimant, which holds a second mortgage on the real property, is believed to be wholly unsecured. The Class 7 creditor shall have its lien released upon confirmation of the Plan of Reorganization. Any deficiency amount shall be treated as a Class 18 unsecured claim and paid on a pro-rata basis.

Class 8 - Secured Claim of Richard L. Potter ("Potter")

A. <u>Classification</u>: This claim consists of the first lien claim of Potter to the extent of the value of the secured creditor's interest in the Debtor's interest in the real property located at 65 Old Hwy 70, Lordsburg, NM, 88045. This claim is evidenced by a deed of trust. <u>Debtors estimate this claim to be $175,000.00.</u>

B. <u>Impairment</u>: Class 8 is impaired.

C. <u>Treatment</u>: Debtors will surrender the property to the creditor.

Class 9 - Secured Claim of JP Morgan Chase Bank ("Chase")

A. <u>Classification</u>: Class 9 consists of the allowed secured claim of Chase to the extent of the value of the secured creditor's interest in the Debtor's interest in the personal property identified as a 2006 Chevy Silverado truck, VIN #2GCEC13T561177357. This claim is evidenced by a security agreement.

B. <u>Impairment</u>: Class 9 is impaired.

C. <u>Treatment</u>: Pursuant to a Stipulation between the parties, the Class 9 creditor will be paid the remaining principal balance of $14,410.62 in 60 equal monthly installments at 7.65 % interest beginning June 12, 2010. Payments outlined in the Stipulation shall continue after confirmation of the Plan until such time as the principal balance, plus accruing interest, is paid in full.

Class 10 - Secured Claim of Citizens Auto Finance ("Citizens").

A. <u>Classification</u>: Class 10 consists of the allowed secured claim of Citizens to the extent of the value of the secured creditor's interest in the Debtors' interest in the personal property identified as a Renegade Motorhome. This claim is evidenced by a title deed. <u>Debtor is aware of a proof of claim filed in the amount of $169,416.34.</u>

B. <u>Impairment</u>: Class 10 is impaired.

C. <u>Treatment</u>: The vehicle has been returned to the secured creditor. Any deficiency claim of the Class 10 creditor shall be treated as a class 18 unsecured claim and paid pro-rata.

Class 11 - Secured Claim of Citizens Auto Finance ("Citizens").

A. <u>Classification</u>: Class 11 consists of the allowed secured claim of Citizens to the

8

extent of the value of the secured creditor's interest in the Debtors' interest in the personal property identified as a Weekend Warrior trailer. This claim is evidenced by a title deed. <u>Debtor estimates this claim at $29,651.00.</u>

        B.    <u>Impairment</u>: Class 11 is impaired.

        C.    <u>Treatment</u>: The vehicle has been returned to the secured creditor. Any deficiency claim of the Class 11 creditor shall be treated as a class 18 unsecured claim and paid pro-rata.

<u>Class 12 - Secured Claim of Commerce Bank ("Commerce")</u>

        A.    <u>Classification</u>: Class 12 consists of the allowed secured claim of Commerce to the extent of the value of the secured creditor's interest in the Debtor's interest in the personal property identified as a Renegade Trailer. This claim is evidenced by a security agreement. <u>Debtor is aware of proof of claim filed in this class in the amount of $87,497.77. Debtor estimates the current market value of the vehicle is $45,000.00. Debtors believe a portion of the Class 12 creditor's claim is unsecured.</u>

        B.    <u>Impairment</u>: Class 12 is impaired.

        C.    <u>Treatment</u>: The Class 12 creditor will be paid the current market value of its allowed secured claim in 180 equal monthly installments at 6 % interest beginning 60 days after the Effective Date. Any deficiency claim of the Class 12 creditor shall be treated as a Class 18 unsecured claim and paid pro-rata.

<u>Class 13 - Secured Claim of General Electric Capital Corporation ("GE")</u>

        A.    <u>Classification</u>: This claim consists of the allowed claim of GE to the extent of the value of the secured creditor's interest in the Debtor's interest in the personal property identified as a 2005 IR P260 Portable Air Compressor. This claim is evidenced by a lease agreement. <u>Debtors estimate this claim at $26,949.77. Debtor estimates the current market value of the equipment is $6,000.00. Debtors believe a portion of the Class13 creditor's claim is unsecured.</u>

        B.    <u>Impairment</u>: Class 13 is impaired.

        C.    <u>Treatment</u>: The Class 13 creditor will be paid the current market value of its

9

allowed secured claim in 60 equal monthly installments at 6 % interest beginning 60 days after the Effective Date.  Any deficiency claim of the Class 13 creditor shall be treated as a Class 18 unsecured claim and paid pro-rata.

Class 14 - Secured Claim of General Electric Capital Corporation ("GE")

A. Classification: This claim consists of the allowed claim of GE to the extent of the value of the secured creditor's interest in the Debtor's interest in the personal property identified as a Hyster H100XM forklift.  This claim is evidenced by a lease agreement. <u>Debtors estimate this claim at $9,864.00.  Debtor estimates the current market value of the equipment is $6,000.00. Debtors believe a portion of the Class 14 creditor's claim is unsecured.</u>

B. Impairment: Class 14 is impaired.

C. Treatment: The Class 14 creditor will be paid the current market value of its allowed secured claim in 60 equal monthly installments at 6 % interest beginning 60 days after the Effective Date.  Any deficiency claim of the Class 14 creditor shall be treated as a Class 18 unsecured claim and paid pro-rata.

Class 15 - Secured Claim of HSBC/WAS

A. Classification: This claim consists of the allowed claim of HSBC/WAS to the extent of the value of the secured creditor's interest in the Debtor's interest in the personal property identified as a Kawasaki Mule.  This claim is evidenced by a title deed. <u>Debtors are aware of a proof of claim filed in this class in the amount of $2,167.89.  Debtors believe the current market value of the equipment is $2,000.00.   Debtors believe a portion of the Class15 creditor's claim is unsecured.</u>

B. Impairment: Class 15 is impaired.

C. Treatment: The Class 15 creditor will be paid the current market value of its allowed secured claim in 60 equal monthly installments at 6 % interest beginning 60 days after the Effective Date.  Any deficiency claim of the Class 15 creditor shall be treated as a Class 18 unsecured claim and paid pro-rata.

Class 16 - Secured Claim of Leaf Financial Corporation ("Leaf")

A. Classification: This claim consists of the allowed claim of Leaf to the extent of

10

the value of the secured creditor's interest in the Debtor's interest in the personal property identified as an Acra Mill 9 x 49 step head, a 10,000 gallon above-ground diesel storage tank, a D08514-20M Scotchman Ironworker, Punch and Die Package, and a 24" brake table with scale and squaring arm. This claim is evidenced by a lease agreement. <u>Debtors are aware of a proof of claim filed in this class in the amount of $47,857.50. Debtor estimates the current market value of the equipment is $18,500.00. Debtors believe a portion of the Class16 creditor's claim is unsecured.</u>.

  B. <u>Impairment</u>: Class 16 is impaired.

  C. <u>Treatment</u>: The Class 16 creditor will be paid the current market value of its allowed secured claim in 60 equal monthly installments at 6 % interest beginning 60 days after the Effective Date. Any deficiency claim of the Class 16 creditor shall be treated as a Class 18 unsecured claim and paid pro-rata.

  <u>Class 17 - Secured Claim of Suntrust Bank ("Suntrust")</u>.

  A. <u>Classification</u>: Class 17 consists of the allowed secured claim of Suntrust to the extent of the value of the secured creditor's interest in the Debtors' interest in the personal property identified as a 2008 Chevrolet Corvette. This claim is evidenced by a title deed. <u>Debtors are aware of a proof of claim filed in this class in the amount of $69,785.20.</u>

  B. <u>Impairment</u>: Class 17 is impaired.

  C. <u>Treatment</u>: The vehicle has been returned to the secured creditor. Any deficiency claim of the Class 17 creditor shall be treated as a class 18 unsecured claim and paid pro-rata.

  <u>Class 18 - Unsecured Deficiency Claims and Unsecured Claims.</u>

  A. <u>Classification</u>: Class 18 consists of all unsecured deficiency claims and unsecured claims against the debtor. <u>Debtor estimates these claims at approximately $970,000.00.</u>

  B. <u>Impairment</u>: Class 18 is impaired.

  C. <u>Treatment</u>: All allowed and approved claims under this Class shall be paid the sum of $1075.00 on a quarterly basis, *pro rata*, to be paid on the last day of each quarter, beginning with the quarter ending after the Effective Date and anticipated to be March 31st, 2011, and

11

Case 4:09-bk-29902-BMW  Doc 66  Filed 08/13/10  Entered 08/13/10 09:59:58  Desc
Main Document  Page 11 of 16

continuing each quarter thereinafter until the quarter ending March 31, 2016. Any liens held by the Class 18 creditors shall be null and void and removed as of the Effective Date.

<u>Class 19 - Contingent, Unliquidated and Disputed Claims.</u>

    A.    <u>Classification</u>: Class 19 consists of the claims of all contingent, unliquidated and disputed claims.

    B.    <u>Impairment</u>: Class 19 is impaired.

    C.    <u>Treatment</u>: Class 19 creditors shall receive no distribution under the Plan.

<u>Class 20 - Debtors' Interest.</u>

    A.    <u>Classification</u>: Class 20 consists of the interests of the Debtors.

    B.    <u>Impairment</u>: Class 20 is not impaired.

    C.    <u>Treatment</u>: Debtors shall retain all of its legal and equitable interest in exempt and non-exempt assets of this estate, as all reconciliation issues have been met. All estate property shall vest in the Debtors at confirmation.

## VI. DISPUTED CLAIMS

Debtors reserve the right to verify and object to any proof of claim. Payment of disputed claims shall be made only after agreement has been reached between the Debtors and the Creditor or upon the order of the Court. Any and all objections to proofs of claim will be filed within sixty (60) days of the Effective Date of this plan or will be waived.

## VII. EXECUTORY CONTRACTS

At the time of the filing, the Debtor had leases which they are assuming.

## VIII. DOMESTIC SUPPORT OBLIGATIONS

As reflected in the schedules filed by the Debtors, there are no domestic support orders against the Debtors.

12

## IX. MEANS OF EXECUTION/PROJECTION

The Debtor will provide for payment of all timely filed and allowed claims over 60 months. The Debtor shall make payments in the sum of $1075.00 per quarter to Class 18 unsecured creditors, which shall be disbursed as set forth in the Plan. The source of the funds shall come from the Debtor's earned income and possibly from the refinancing or sale of property of the debtor. *See 11 U.S.C. §1123(a)(8); 11 U.S.C. §1129(a)(15).*

The Debtors reserve the right to accelerate payment under the Plan from third party financing. Debtors believes that by virtue of the Plan they will have the ability to pay all allowed and approved claims pursuant to the Plan of Reorganization. The unsecured creditors will be paid a total of $21,500.00, under the Plan of Reorganization.

## X. QUARTERLY FEES AND REPORTS

Debtors shall continue to pay quarterly fees to the U.S. Trustee System until such time as a Final Decree has been entered in this matter by the Court, closing this Chapter 11 proceeding. Debtors shall continue to file monthly operating reports until such time as the Court enters an Order confirming this Chapter 11 Plan of Reorganization and/or the end of the calendar quarter in which the Plan was confirmed. At such time, Debtors shall cease filing monthly operating reports and shall begin filing quarterly post confirmation reports. These quarterly reports shall be filed until such time as a Final Decree has been entered in this matter by the Court, closing this Chapter 11 proceeding.

## XI. IMPLEMENTATION AND CONSUMMATION OF PLAN

The terms of the Plan subsequent to confirmation shall bind the Debtors, any entity acquiring property under the Plan, and creditor or claimant, whether or not such creditor or claimant has accepted the Plan. All property of the estate shall vest in the Debtors and shall be free from attachment, levy, garnishment or execution by creditors bound by the Plan.

Subsequent to confirmation of the Plan of Reorganization, the Debtors shall continue to engage in its business as presently conducted or in such form or manner as the Debtors may deem

13

advisable. The Plan does not provide for the liquidation of all or substantially all of the property of the estate. Notwithstanding the foregoing, however, the Debtor shall be free to operate in the ordinary course and may without any further order of the Court, convey, sell assign, purchase, or lease any property of or for the benefit of the estate.

It shall be the obligation of each creditor participating under the Plan to keep the Debtors advised of its current mailing address. In the event any payments tendered to creditors are mailed, postage prepaid, addressed (1) to the address specified in the Debtors schedules and statement, (2) to the address specified in any proof of claim filed by a creditor or claimant herein, or (3) to the address provided by any such creditor or claimant for purposes of distribution, and if subsequently the Post Office returns such distribution due to lack of insufficiency of address or forwarding address, the Debtors shall retain such distribution for a period of six (6) months. Thereafter, the distribution shall revert to the Debtors without further Order of the Court and be free and clear of any claim of the named distributee. The Debtors shall thereafter not be required to mail subsequent distributions to any creditor for whom a distribution has been returned by the Post Office. The Debtors reserve the right to modify the Plan in accordance with §1127 of the Bankruptcy Code. The Plan may be modified prior to confirmation provided that the Plan still complies with §1122 and §1123 of the Bankruptcy Code. The Plan may be modified subsequent to confirmation and before substantial consummation of the Plan under such circumstances as may warrant such under §1123 of the Bankruptcy Code. Any holder of a claim or interest that has been previously accepted or rejected under a confirmed Plan, shall be deemed to have accepted or rejected any subsequently modified Plan unless the holder of such claim or interest changes its acceptance or rejection of the Plan within the time fixed by the Court.

## XII. DEFAULT

The Debtors' failure to make any payment due under the Plan within sixty (60) days after demand for payment after its due date shall constitute a default unless the Debtor and the affected creditor agree to delayed payment.

14

Upon default, creditors may pursue any remedy provided by the state or federal law, including foreclosing any security interest, suing on any promissory note issued or continued in effect under the Plan.

## XII. RETENTION OF JURISDICTION

The Bankruptcy Court will retain jurisdiction over this case for purposes of determining the allowance of claims or objection to claims. The Court will also retain jurisdiction for purposes of fixing allowances for compensation and/or for purposes of determining the allowability of any other claimed administrative expenses. The Court will also retain jurisdiction for the purpose of establishing bar dates and making a determination with respect to all disputed claims. Finally, the Court shall retain jurisdiction for purposes of determining any dispute arising from the interpretation, implementation or consummation of the Plan and to implement and enforce the provisions of the Plan. Notwithstanding anything to the contrary contained herein, the Debtors shall not be bound by estoppel, the principles of *res judicata* or collateral estoppel with respect to any term or provision contained herein in the event the Plan is not confirmed.

The Court may enter a Final Decree and retain jurisdiction over this case to reopen the case to provide relief including the entering of a Discharge Order.

DATED August 11, 2010.

LAW OFFICES OF
ERIC SLOCUM SPARKS, P.C.

/s/ Sparks AZBAR #11726
Eric Slocum Sparks
Attorney for Debtor

COPIES of the foregoing
mailed/delivered/faxed on
August 11, 10010 to:

15

| | |
|---|---|
| 1 | U.S. TRUSTEE<br>OFFICE OF THE U.S. TRUSTEE |
| 2 | 230 NORTH FIRST AVENUE<br>SUITE 204 |
| 3 | PHOENIX, AZ 85003 |
| 4 | Troy A. Larkin, Esq.<br>Terri A. Roberts, Esq. |
| 5 | Pima County Attorney<br>32 N. Stone Avenue, Suite 2100 |
| 6 | Tucson, AZ 85701 |
| 7 | DEAN R. PROBER, Esq.<br>Prober & Raphael |
| 8 | 20750 Ventura Boulevard, Suite 100<br>Woodland Hills, California 91364 |
| 9 | *Attorneys for BAC Home Loans Servicing* |
| 10 | PATRICIA DOYLE-KOSSICK, P.L.C.<br>4500 South Lakeshore Drive, Suite 575 |
| 11 | Tempe, Arizona 85282-7187<br>*Attorneys for JP Morgan Chase Bank* |
| 12 | |
| 13 | Scott D. Gibson, Esq.<br>GIBSON, NAKAMURA & GREEN, P.L.L.C.<br>2329 N. Tucson Blvd. |
| 14 | Tucson, Arizona 85716<br>*Attorneys for Richard Potter* |
| 15 | |
| 16 | James B. Ball, Esq.<br>James E. Shively, Esq.<br>Poli & Ball, PLC |
| 17 | 2999 N. 44th Street, Suite 500<br>Phoenix, Arizona 85018 |
| 18 | *Attorneys for Suntrust Bank* |
| 19 | Alan M. Levinsky, Esq.<br>BUCHALTER NEMER |
| 20 | 16435 North Scottsdale Road, Suite 440<br>Scottsdale, AZ 85254-1754 |
| 21 | *Attorneys for Citizens Auto Finance* |
| 22 | /s/ L. Anderson |
| 23 | |
| 28 | 16 |